IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Ryan Barkle,<br><br>    Plaintiff,<br><br>v.<br><br>Steven J. Bertani, Sun Architectural Products, LLC, Architectural Glass Railings, LLC, and Glass and Rail, LLC,<br><br>    Defendants,<br>_____ | CIVIL ACTION<br>NO:_____ |

# COMPLAINT

The Plaintiff, Ryan Barkle, states the following for his Complaint against the above-captioned Defendants:

## NATURE OF ACTION

1.  This is a cause of action for failure to pay overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

## THE PARTIES

2. The Plaintiff is a resident and citizen of Forsyth County, Georgia. He was employed by the Defendants primarily as a glass railing installer from February, 2013 until he voluntarily left his employment with the Defendants on August 31, 2016.

3. The Defendant Steven J. Bertani is a resident and citizen of Forsyth County Georgia. He is the owner and sole managing member of the other defendant limited liability companies named in this action that employed Plaintiff.

4. The Defendants Sun Architectural Products, LLC, Architectural Glass Railings, LLC, and Glass and Rail, LLC, are artificial entities under common control and ownership by Mr. Bertani.

5. At all times relevant to this action Mr. Bertani used the limited liability companies to unlawfully avoid paying unemployment premiums, workers compensation premiums to cover the Plaintiff as a statutory employee, and to avoid paying the Plaintiff overtime as required by the FLSA.

6. The Defendants, under Mr. Bertani's ownership and control, have been and were "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

7. The Defendants were, separately, and/or while under Mr. Bertani's common control as his alter ego for personal business and pecuniary gain, the

Plaintiff's "employer" as the term "employer" is defined under the FLSA. 29 U.S.C. § 203(e)(1); and each was an "enterprise" engaged in commerce as defined under 29 U.S.C. § 203(r).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1331 as this action is being brought by Plaintiff pursuant to the FLSA. 29 U.S.C. § 216(b). Venue is also proper because a substantial part of the events and violations of the FLSA by the Defendants happened in this District, where the Defendants are also present and subject to personal jurisdiction.

## FACTUAL BACKGROUND

9. During the three and a half years prior to August 31, 2016, the Defendants paid Plaintiff a flat rate as an independent contractor.

10. The Plaintiff was not an independent contractor during any of this time. He was an "employee" as defined under the FLSA.

11. The Plaintiff was dependent on the compensation he received from Defendants as a glass railing installer.

12. The Plaintiff's work duties also were primarily to provide manual labor to install glass railings such as those pictured below:



13. While employed as a statutory "employee" under the FLSA -glass railing installer- of the Defendants, at no such time during his employment were the Defendants exempt from the FLSA's requirements to pay overtime for hours Plaintiff worked in excess of forty hours in any given workweek.

14. The Plaintiff was a laborer and regularly worked over forty hours a week installing glass primarily, along with other duties.

15. The Defendants failed to pay Plaintiff one and a half times his regular rate of pay for each hour worked over forty in a workweek.

16. The Defendants willfully hid and misled the Plaintiff concerning their working relationship and Plaintiff's right to overtime beginning in 2013, including statements Plaintiff could quit if he did not like the pay arrangement, and showed reckless disregard for the fact that failing to pay Plaintiff overtime was in violation of the FLSA.

17. The Plaintiff seeks liquidated damages in addition to the above practices which violated the FLSA. As a result of these practices, Plaintiff incurred a loss of wages that remain unpaid.

18. The Plaintiff complained about the overtime and was again told he had no choice but to go with the pay he was getting or quit.

## FLSA CLAIMS AND JURY DEMAND

19. The Defendants' actions in failing to pay overtime as required by the FLSA entitles Plaintiff to an award of lost wages, plus liquidated damages, attorney fees, and costs.

20. The Plaintiff demands a jury trial on the FLSA claims raised herein.

21. All conditions precedent to bringing this private action under the FLSA have been met.

WHEREFORE, the Plaintiff, Ryan Barkle, prays that

a. Judgment be entered against the Defendants, jointly, severally, and individually, and in favor of the Plaintiff for unpaid back wages at the applicable overtime rate for each hour worked over forty;

b. Judgment be entered against the Defendants that their violations of the FLSA were willful and deceptive;

c. Judgment for additional liquidated damages equal to the amount of unpaid wages due and, if an additional amount equal to the unpaid wages is not awarded as liquidated damages, an award of prejudgment interest;

d. Judgment for all costs and attorney fees incurred by Plaintiff for prosecuting this claim; and

e. Such further and additional relief that the court deems appropriate.

Dated:  12-13-2016  .

                                                  s/ Chris Denison  
                                                  Chris Denison, Ga. Bar. No. 510724  
                                                  Attorney for Defendants

5614 Lancashire Lane  
Cumming, GA 30041  
Phone: 678-367-8672  
Fax: 678-802-4773  
cdenison@denisonandassociates.com