# Exhibit A

# GENERAL RELEASE AGREEMENT

This General Release Agreement ("Agreement") is entered into on the date executed below by and between Ryan Barkle ("Barkle"), individually, and Steven J. Bertani, Sun Architectural Products, LLC, Architectural Glass Railings, LLC, and Glass and Rail, LLC ("Defendants" or the "Companies") on their own behalf and on behalf of their respective past and present parents, subsidiaries and affiliates, and their respective past and present heirs, owners, shareholders, predecessors, successors, assigns, partners, officers, directors, attorneys, agents, employees, and insurers (collectively referred to as the "Parties").

1. **Non-Admission**. This Agreement does not constitute an admission by the Parties of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence of an admission of liability or wrongful conduct of any kind by the Parties. Further, nothing in this Agreement may be introduced in any way as evidence, to show or establish any misconduct or improper practices, plans, or policies or any violation of any federal, state or local law, statute, ordinance, regulation, rule, or any obligation at law or in equity. Notwithstanding the foregoing, this Agreement may be used in any proceeding that has as its purpose of the enforcement of the Agreement or its terms.

2. **No Other Monies Owed.** The Companies contend that Barkle was an independent contractor and not entitled to any statutory overtime compensation under the Fair Labor Standards Act ("FLSA") and that they timely and fully paid all compensation or "wages" owed to Barkle during the time he was contracted with the Companies (or, as he contends, "employed") and during any other period and they deny that they owe Barkle for any alleged unpaid "wages," "overtime," or any other amount Barkle is claiming. Barkle contends any and all "rents", payments, or other consideration due to Defendants, per the Parties' Agreement, was paid in full, and that the judgment entered in the Magistrate Court Case of Forsyth County, was paid in full, in complete satisfaction of all claims the Companies have raised in their counterclaims in Civil Action No. 1:16-cv-04603-SCJ.

3. **No Other Claims**. The Parties agree and understand that Barkle filed a lawsuit titled <u>Ryan Barkle v. Steven J. Bertani, et al,</u> Civil Action Number Case 1:16-cv-04603-SCJ pending in the United States District Court for the Northern District of Georgia, alleging a claim for unpaid overtime under the FLSA. ("Lawsuit"). Barkle and the Companies desire fully and finally to resolve any and all claims and counterclaims in the above Lawsuit. Barkle represents that no other charges, actions or claims are pending on Barkle's behalf, other than those set forth in this paragraph. The Companies likewise represents that no other charges, actions or claims are pending on their behalf, other than the counterclaims set forth in this paragraph.

4. **No Other Claims for Wages**. Upon receipt of the proceeds specified in this Agreement, Barkle agrees that he had been fully paid for all hours worked for the Companies and that he does not have any claims for wages, overtime, liquidated damages, attorney's fees, or any other claims against the Companies or any other Released Parties. Likewise, the Companies agree that the mutual covenants and promises in this Agreement constitute good and valuable consideration

for the full and complete release of all counterclaims against Barkle in the Lawsuit, the receipt of which is hereby acknowledged.

5.  **Court Approval of Settlement and Dismissal of Lawsuit**. Barkle agrees to take all action necessary to withdraw or otherwise close with prejudice any and all claims currently pending against the Companies or any other Released Party. Barkle further agrees to cooperate in obtaining court approval of this settlement and Barkle agrees to dismiss with prejudice the above-referenced Lawsuit. Defendant Companies and Barkle will cooperate in the filing of a joint motion for approval of the settlement and dismissal with prejudice of all claims and counterclaims within 10 business days of the date of the execution of this Agreement.

6.  **Payment to or on behalf of Barkle**. In consideration for signing this Agreement and the promises contained in this Agreement, the Companies agrees to pay to or on behalf of Barkle the total gross sum of twenty-two thousand and five hundred dollars ($22,500.00), to be reported on IRS Form 1099. The payment will be made within 10 business days after receipt of the final order from the Court approving this settlement and dismissing the Lawsuit with prejudice and shall be made payable to Mr. Barkle's attorney, Chris Denison.

7.  **Responsibility for Attorneys' Fees and Costs.** The Parties agree that each shall be responsible for their own attorneys' fees and costs and that any payments made under this Agreement to Barkle include any such attorneys' fees and costs payments.

8.  **Mutual Waiver and Release of All Claims**. Barkle, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges the Companies and all of its past and present parents, subsidiaries, affiliates, shareholders, and owners thereof, and their respective past and present predecessors, successors, assigns, representatives, partners, officers, directors, insurers, agents and employees ("Released Parties") from any and all claims and rights of any kind that Barkle may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims and rights arising out of or in any way connected with Barkle's contractual or alleged "employment" relationship with the Companies or the termination of Barkle's contractual or alleged "employment" relationship with the Companies. The Companies and Steven J. Bertani on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges Ryan Barkle from any and all claims and rights of any kind that the Companies and/or Steven J. Bertani may have, whether known or unknown, suspected or unsuspected, including, but not limited to, any claims and rights arising out of or in any way connected with Barkle's contractual relationship with the Companies or the termination of the same. These claims and rights released in this Paragraph by the Parties include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Fair Labor Standards Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the National Labor Relations Act, the Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or

ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorney's fees. Barkle represents that he knows of no claim against any Released Party that he has that has not been released by this paragraph, and that the release in this paragraph is intended to release the Companies and all other Released Parties from liability for any and all possible claims by Barkle, known or unknown, that exist or may exist as of the date of this Agreement. In turn, the Companies and/or Steven J. Bertani represent that they know of no claim against Ryan Barkle that has not been released by this paragraph, and that the release in this paragraph is intended to release Ryan Barkle from liability for any and all possible claims by the Companies, known or unknown, that exist or may exist as of the date of this Agreement.

9.     **Non-Interference with EEOC Investigations.**  Nothing in this Agreement shall interfere with Barkle's right to cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency. However, the promises and other consideration provided to Barkle in this Agreement shall be the sole relief provided to Barkle for the claims that are released herein, and Barkle will not be entitled to recover and hereby releases and waives any monetary benefits or recovery against any Released Parties in connection with any other claim, charge or proceeding without regard to who has brought such complaint or charge. To the extent Barkle is awarded any form of monetary relief in subsequent proceedings against any Released Parties based on claims released herein, Barkle hereby assigns all such relief to the Companies.

10.    **Confidentiality and Non-Disclosure.**  The terms of this Settlement Agreement are confidential until it is filed with the Court. Even after the Settlement Agreement is filed with the Court, the Parties agree to keep the amount paid confidential. This includes not publicizing or disclosing the specific monetary amount received under this settlement, either directly or indirectly, that is, through agents, attorneys, or any other person or entity, either in specific or as to general existence or content, to any person, media, including on the internet and social media including, but not limited to Facebook, Snapchat, Twitter, MySpace, personal blogs and websites, the public generally, or any individual or entity. Notwithstanding the above, the Parties' counsel may take actions to implement this Settlement Agreement, including publicly filing it with the Court. Further, notwithstanding the foregoing, Barkle may also disclose information concerning this Settlement Agreement to his spouse, counsel, and professional tax advisors who have first agreed to keep said information confidential and to not disclose it to others. The foregoing shall not prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement and shall not prohibit or restrict Barkle from responding to any inquiry about this Settlement Agreement or Action or its underlying facts and circumstances by any governmental agency, or any regulatory organization. To the extent permitted by law, with respect to any such disclosure pursuant to the foregoing sentence, Barkle shall provide the Companies with as much notice as possible of any request to make any above-described disclosure, and will use best efforts to ensure that if such disclosure occurs it will occur in a manner designed to maintain the confidentiality of this Settlement Agreement to the fullest extent possible. Finally, notwithstanding the foregoing, the Companies may disclose the specific financial terms of this Agreement for legal, accounting, and legitimate business purposes, in accordance with ordinary usual business practice, and otherwise as required by law. This

provision is to be considered a material term of this Agreement. A breach of this provision shall entitle the non-breaching party to all remedies available at law.

11. **Transfer of Claims**. Barkle represents and warrants that he has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement. Barkle agrees to indemnify and hold the Companies harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer. Barkle further warrants that there is nothing that would prohibit Barkle from entering into this Agreement.

12. **Mutual Non-Disparagement**. Barkle agrees not to criticize, denigrate, or otherwise disparage the Companies or any of its current or former partners, owners, officers, directors, employees, agents, or customer services. In return, the Companies agree not to criticize, denigrate, or otherwise disparage Barkle.

13. **Payment of Applicable Taxes**. Barkle is and shall be solely responsible for all federal, state and local taxes that may be owed by Barkle by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Barkle agrees to indemnify and hold the Companies and all other Released Parties harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding his portion of any tax obligations that may arise from the monetary consideration made to or on behalf of Barkle under this Agreement.

14. **Return of Company Property**. Barkle acknowledges and agrees that he has returned all of the Companies' property in his possession or control. Barkle further agrees that he is to completely and entirely delete any and all paper and electronic copies of the Companies' materials in his possession, custody or control. If any of the Companies' property is still in Barkle's possession or control, he agrees to return such property within ten (10) business days of this Agreement.

15. **Agreement Not to Use Copyrighted Materials of the Companies or Mr. Bertani**. Barkle acknowledges and agrees that, as a condition of settlement herein, he has agreed not to use, and that he never in the future will use for any purpose, any copyrighted materials belonging to any of the Companies or Mr. Bertani. Barkle warrants that he has made best efforts to delete, destroy, and/or return all copyrighted materials belonging to any of the Companies or Mr. Bertani.

16. **Not a Prevailing Party**. Barkle shall not be considered a prevailing party for any purpose. The Companies shall not be considered a prevailing party with regard to their counterclaims or for any other purposes.

17. **Entire Agreement**. This Agreement contains the entire agreement and understanding between Barkle and the Companies with respect to any and all disputes, counterclaims, and/or claims that the Parties have, or could have had, against each other, Barkle, or any other Released

Parties as of the date this Agreement is executed, and this Agreement supersedes all other agreements between Barkle and the Companies with regard to such disputes or claims. This Agreement shall not be modified unless in writing and signed by both Barkle and the Companies.

18. **Severability**. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into a full and general release by Barkle that is valid.

19. **Acknowledgement**. Barkle acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Barkle enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Barkle further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that Barkle understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Barkle also acknowledges: (a) that he has consulted with his attorney of record in this Lawsuit concerning this Agreement and has been advised to do so by the Companies and (b) that he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice. Barkle acknowledges that he is getting more consideration under this Agreement than he is otherwise entitled. Barkle and the Companies further understand and acknowledges that they are only releasing claims that arose prior to the execution of this Agreement.

20. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement. No waiver shall be binding under this Agreement unless in writing and signed by the party waiving the breach.

21. **Barkle is not a Medicare Beneficiary**. Barkle affirms and warrants that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare eligible; that he is not age 65 or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or he has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial. Barkle further affirms and warrants that he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, the Companies for medical expenses incurred by him before or after the execution of this Agreement. Because Barkle is not a Medicare beneficiary as of the date of this Agreement, he is not aware of any medical expenses which Medicare has paid and for which the Companies is or could be liable now or in the future. Barkle is not aware of any liens of any governmental entities, including any liens for Medicare conditional payments, relating to him in any way.

22. **Headings**. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

23. **Choice of Law.** This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies. The Parties further agree that this Agreement may be enforced in any court of competent jurisdiction in Georgia, and the Parties hereby subject themselves to the jurisdiction of such courts in any such enforcement action.

THE PARTIES UNDERSTAND AND AGREE THAT THEY MAY BE WAIVING SIGNIFICANT LEGAL RIGHTS BY SIGNING THIS AGREEMENT, AND REPRESENT THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITH A FULL UNDERSTANDING OF AND IN AGREEMENT WITH ALL OF ITS TERMS.

IN WITNESS WHEREOF, the Parties hereto have executed this General Release Agreement on the dates provided below.

Ryan Barkle

Steven J. Bertani

Date: October 5th 2017

Date: 10-5-17

Steven J. Bertani, for Sun Architectural Products, LLC

Steven J. Bertani, for Architectural Glass Railings, LLC, and Glass and Rail, LLC

Date: 10-5-17

Date: 10-5-17

31445625.1